■ JO ANN HOMES AT BELLMORE, INC., et al., Respondents-Appellants, v. AARON DWORETZ et al., Appellants-Respondents.— Separate appeals by defendants Dworetz, Arnold, Kaliff and Harno Construction Corp. and by the remaining defendants (Baldwin & Cornelius Co.), as limited by their briefs, from such parts of a judgment of the Supreme Court, Nassau County, dated June 1, 1967, as are against them, respectively, upon a jury verdict; and cross appeal by plaintiffs, as limited by their notice of appeal and brief, from so much of the judgment as failed to include therein $19,363 of "delay damages", the jury's award for which against defendants Dworetz, Arnold, Kaliff and Harno had been set aside by the trial court. Judgment modified, on the law and the facts, by (1) striking out the third decretal paragraph, which awarded recovery to plaintiffs against defendants Dworetz, Arnold, Kaliff and Harno on the first cause of action, (2) striking from the second and fourth decretal paragraphs the following: "First," and "either the First Cause of Action, or"; and (3)

substituting therefor a provision dismissing the first cause of action against said defendants. As so modified, judgment affirmed insofar as appealed from, with one bill of costs to plaintiffs jointly against defendants who filed separate briefs. In our opinion, plaintiffs failed to make out a prima facie case of fraud against defendants Dworetz, Arnold, Kaliff and Harno (first cause) because of the insufficiency of their proof as to *scienter*, one of the five requisite elements of a cause of action for fraud. However, on the posture of the proof, the jury was entitled to find that the same defendants breached the contract by failing to provide beach slopes in accordance with the profile indicated on maps filed with the Town of Hempstead (second cause). Similarly, the jury was entitled to find that defendants Baldwin & Cornelius had negligently certified that there was sufficient fill on the subject property to grade it in accordance with the minimum requirements of the Town of Hempstead (third cause) (*Ultramares Corp. v. Touche*, 255 N. Y. 170); nor did the jury err in awarding the amount of damages it found against Baldwin & Cornelius. All other claims of the various parties have been considered and disposed of. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.